**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMBROCIO AMILCAR CIFUENTES-PUAC, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 08-72745 <br><br> Agency No. A098-656-741 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

Ambrocio Amilcar Cifuentes-Puac, a native and citizen of Guatemala,

petitions for review the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's denial of his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Cifuentes-Puac's claim that he is eligible for asylum and withholding of removal based on his anti-gang political opinion or his membership in a particular social group of people who refuse to join gangs. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008). Cifuentes-Puac's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group consisting of his family also fails. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) (no compelling evidence the applicant was persecuted on account of his family membership). Because Cifuentes-Puac failed to demonstrate he was persecuted or fears persecution on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

08-72745

Substantial evidence also supports the agency's denial of CAT relief because Cifuentes-Puac failed to establish that it is more likely than not he will be tortured in Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Lastly, contrary to Cifuentes-Puac's contentions, the BIA did not conduct improper analysis when making its political opinion and CAT findings. *See* 8 C.F.R. § 1003.1(d)(3)(i)-(ii).

**PETITION FOR REVIEW DENIED**.